IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MORITZ PESTINGER, | ) | |
| ID # 641955, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:03-CV-0776-K |
| | ) | |
| DOUGLAS DRETKE,[1] Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On April 6, 1993, petitioner pled *nolo contendere* to aggravated sexual assault of a child under fourteen years of age in Cause No. F-92-00973-H, and was sentenced to thirty years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On January 21, 2000, the

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

court of appeals affirmed his conviction. *Pestinger v. State*, Nos. 05-98-01241-CR, 05-98-01242-CR, 2000 WL 45886, at *1 (Tex. App. – Dallas 2000, no pet.) (consolidated appeal of petitioner's convictions for sexual performance by a child and aggravated sexual assault).[2] Petitioner filed no petition for discretionary review (PDR). (Pet. at 3.) On February 5, 2001, petitioner filed a state application for writ of habeas corpus that the Texas Court of Criminal Appeals denied on October 31, 2001. (*Id.* ¶ 11.)

Petitioner filed the instant petition on January 4, 2002,[3] by signing and placing it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that he is being held unlawfully because (1) he involuntarily pled *nolo contendere* on advice of counsel that he could still appeal the trial court's ruling on his motion to suppress; (2) his judicial confession is insufficient to support his plea; (3) his Fourth Amendment and due process rights were violated by an illegal search and seizure; (4) the trial court abused its discretion by failing to suppress illegally obtained evidence; and (5) the trial court abused its discretion by refusing to allow petitioner to withdraw his plea. (Pet. at 7-8.)

---

[2] Petitioner challenges his conviction for sexual performance by a child in Cause No. 3:03-CV-0774-K. Contemporaneously with the recommendation on the instant action, the undersigned Magistrate Judge recommends that petitioner's other action also be denied as untimely.

[3] The Court's receipt of the instant petition on April 15, 2003, casts doubt on petitioner's assertion that he actually placed it in the prison mail system on January 4, 2002. Because the difference between January 4, 2002, and April 15, 2003, makes no difference to the outcome in this case, the Court utilizes the earlier date as the date of filing for purposes of its limitations analysis.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no PDR. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on January 21, 2000. *See Roberts v. Cockrell*, 319 F.3d 690, 692,(5th Cir. 2003) (rejecting reliance upon the date of mandate). Petitioner's state judgment of conviction thus became final on February 20, 2000.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known on or before the date petitioner's state judgment of conviction became final on February 20, 2000. When the court of appeals affirmed petitioner's conviction it briefly noted that petitioner "could not appeal the ruling on the motion to suppress." *See Pestinger v. State*, Nos. 05-98-01241-CR, 05-98-01242-CR, 2000 WL 45886, at *1 & n.1 (Tex. App. – Dallas 2000, no pet.) Thus, no later than January or early February 2000, petitioner knew the factual basis for his claim that his plea was based upon erroneous advice of counsel. He knew the factual predicate for his other claims at or before the date he pled *nolo contendere* on April 6, 1993.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his January 4, 2002 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

4

28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on February 5, 2001, he had used 351 days of the year he had to file the instant federal petition. Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on October 31, 2001. The AEDPA clock began to run again on November 1, 2001, and expired fourteen days later. Petitioner did not file the instant petition until January 4, 2002. Accordingly, the statutory tolling provision does not save the instant federal petition.

Further, petitioner provides nothing that indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). In the absence of equitable tolling, the January 4, 2002 filing falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

SIGNED this 30th day of March, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE